[ gDefendant/Appellant, Dominick J. Faz-zio, seeks review of the trial court’s revival of a judgment in favor of Plaintiff/Appel-lee, Newell Normand, successive Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, from the 24th Judicial District Court, Division “C”. For the following reasons, we reverse the judgment in part.
The following facts are gleaned from the record before us. On July 8, 2004, then Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, Harry Lee, filed a Rule for Taxes against Mr. Fazzio, Joseph Mendez and M & T, LLC d/b/a Rainbow Lanes, seeking to collect sales and use taxes levied by the Parish of Jefferson against the defendants for the time period of October 2003 through April 2004. On August 31, 2004, Mr. Fazzio filed an An *1162 swer to the rule, denying the allegations and asserting, through a memorandum, that he did not operate a business that collected sales and use taxes during the relevant time period. Subsequently, Sheriff Lee entered into a Consent Judgment with Mr. Mendez and Rainbow Lanes on September 3, 2004. The judgment held Mr. Mendez and Rainbow liable in solido to Sheriff Lee for the amount of $22,221.36, together with legal interest, attorney’s fees and costs. The judgment reserved Sheriff Lee’s remaining rights against Mr. Fazzio.
|3On August 12, 2014, Sheriff Newell Normand, Sheriff Lee’s successor, filed an ex -parte Motion to Revive Consent Judgment pursuant to La. C.C.P. art. 2031. The motion alleged Mr. Fazzio, Mr. Mendez and Rainbow Lanes failed to satisfy the September 3, 2004 Consent Judgment and sought to revive and extend the judgment. The trial court rendered a judgment on August 18, 2014, reviving the Consent Judgment against all three of the defendants. The instant appeal followed that judgment.
On appeal, Mr. Fazzio alleges the trial court erroneously cast him as a debtor in the revival of the money judgment. Mr. Fazzio contends the trial court could not revive a judgment against him because he did not consent to the September 3, 2004 judgment, and it did not cast him as a judgment debtor. Mr. Fazzio further contends that, despite the sheriffs reservation of rights against him, neither Sheriff Lee nor Sheriff Normand filed any further pleadings against him to pursue those rights. Because of those reasons, Mr. Fazzio argues that the revived judgment against him should be reversed. We agree with Mr. Fazzio’s position.
A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final. La. C.C. art. 3501. A money judgment may be revived at any time before it prescribes by an interested party by the filing of an ex parte motion brought in the court and suit in which the judgment was rendered. La. C.C.P. art. 2031(A).
In this matter, Sheriff Normand sought to revive a money judgment obtained in the September 3, 2004 Consent Judgment. That judgment specifically held Mr. Mendez and Rainbow Lanes liable in solido and reserved Sheriff Lee’s rights to proceed against Mr. Fazzio. Mr. Fazzio was not cast as a debtor in the September |43rd judgment. As a result, the September 3rd judgment could have been revived against Mr. Mendez and Rainbow Lanes, but not against Mr. Fazzio because he was not a party involved in the original judgment. Therefore, we find the trial court erroneously revived the September 3, 2004 Consent Judgment against Mr. Fazzio.
DECREE
For the foregoing reasons, we reverse the portion of the August 18, 2014 judgment that revived a money judgment against Dominick J. Fazzio. In all other respects, the judgment is affirmed. The Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson is assessed the costs of the appeal.

REVERSED IN PART